**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

SHAVELLE LAMARR SCOTT,

        Plaintiff,

v.

SHERIFF DAVID V. COLE, et al.,

        Defendants.

**DECISION & ORDER**
14-CV-6489

---

### Preliminary Statement

Pro se plaintiff ShaVelle Scott ("plaintiff") brings the instant action under 42 U.S.C. § 1983, alleging that defendants Keith Kastner-Smith, Amy Bouck and Lorrie Gardner violated his civil rights on July 10, 2014 by assaulting him and then by denying medical care while he was in custody at the Steuben County Jail. See Amended Complaint (Docket # 6); see also Order re: Amended Complaint (Docket # 9). Pending before the Court are plaintiff's two motions to appoint counsel, dated February 5 and 12, 2016. See Docket ## 22, 24.

### Discussion

In his motion, plaintiff argues that he needs Court-appointed counsel because he is unable to afford counsel, the issues involved in the case are complex, he has limited access to the law library, and limited knowledge of the law. See Motions for the Appointment of Counsel (Docket ## 22, 24). For

the reasons that follow, plaintiff's motions are **denied without prejudice to renew.**

Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also, In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, the Court finds that plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580,

2

582 (S.D.N.Y. 2004)(finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 CV 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003)(finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). However, after reviewing the complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, the Court concludes that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Here, plaintiff's pro se complaint is detailed in nature and adequately describes the events that allegedly led to his injuries. The factual circumstances surrounding plaintiff's claims do not appear to be unusually complicated and the legal issues alleged are not so complex as to make it impossible for plaintiff to proceed without counsel. The case centers on an incident that occurred on July 10, 2014 when plaintiff claims the defendants inflicted excessive force by assaulting him in a jail cell and hallway causing him to pass out, and then denied him medical attention.

3

Plaintiff alleges that defendants assaulted him based on his race and religion. See Complaint (Docket # 1). Defendants claim that plaintiff was creating a disturbance and was moved from his cell using proper escort techniques. They further claim that plaintiff was not injured, and that he received proper medical attention. See generally, Rule 26 Disclosure (Docket # 27). Up to this point, plaintiff has submitted a well-drafted complaint, and has drafted motion papers containing logical factual arguments in support of his requests for relief. Notably, since filing the instant motions, plaintiff has been released from custody, giving him better access to legal resources. Moreover, plaintiff's case is still in the discovery stage.

Accordingly, at this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See Castro v. Manhattan E. Suite Hotel, 279 F.Supp.2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL 15451, at *1-2

(W.D.N.Y. Jan. 3, 2005)(denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Should he need, plaintiff may consult with the Western District's pro se office attorneys for questions on discovery process and procedure. Plaintiff's motions to appoint counsel is **denied**.

## Conclusion

Plaintiff's motions for appointment of counsel (Docket # 22, 24) are **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   September 13, 2016
         Rochester, New York